Woodruff, J.
(Dissenting.)—It is not denied, and probably
can not be denied, that by virtue of its charter and the act to consolidate the cities of Brooklyn and Willi amsburgh, passed in 1854 (Laws of 1854, ch. 384), it became and was the duty of the defendant to keep the streets of the city in repair, and that for failure to do so, the defendant was liable to a party who was injured thereby. The plaintiff in this action was nonsuited at the trial, on the sole ground that by the act of March 27, 1862 (Laws of 1862, ch. 53, § 39, p. 203), the defendants are relieved from any such responsibility. [The learned judge here quoted the statute as above.]
The claim, therefore, made on behalf of the defendant, is that the city is not liable for the damages sustained by an individual from its omission to perform its duty to keep the streets in repair; but that if, by the rules of law, any or either of its officers are liable therefor, redress may be had, otherwise the party is remediless. An intention to produce such results is not to be imputed to the legislature, unless the terms of the enactment very clearly indicate such design. Against such a construction it is insisted that the liability against which it was intended to protect the city, is expressly limited to damages for nonfeasance or misfeasance of the common council or city officers, in the discharge of duties imposed or enjoined by the act of 1862 itself; that the expression “this act” clearly so limits the operation of the amendment, and that duties and responsibilities previously existing under the .charter are not affected. Without inquiring whether the statute of 1862 should be thus strictly construed, or whether, on the other hand, the words “ this act ” may not mean the act which was thereby *275 amended, another objection to the construction contended for seems to me well founded. The terms of the act of 18G2 do not purport to exonerate the city from any absolute duty which, by force of the pre-existing laws, rested upon it as a municipal corporation, nor from the payment of damages if such duty be not performed. Granting, for the purposes of this discussion, that they are, by force of the act of 1862, relieved of responsibility for the misfeasance or nonfeasance of the common council, or of other officers in the discharge of any duty imposed upon them by any provision of the charter, there is no declaration that the city shall not be bound to the discharge of every duty imposeí upon it as a municipal corporation, and be liable for a failure to perform it.
And to my mind there is nothing in the act in question indicating such an intention. ¡Neither the terms nor the reason of the act import such an exoneration.
True, municipal corporations ex necessitate act by officers and agents, but absolute duties to act, and to perforin, rest upon them, nevertheless, as they do upon individuals, and they are responsible for their failure, as a corporation, in the discharge of such duties.
Among other duties to which they are bound by strict legal obligations, is their duty to pay their debts, duly contracted. And yet, in the raising of money for the purpose, and in their application of the money when raised, they must act through their officers and agents. I apprehend that, if an action were brought against the city of Brooklyn, upon one of its bonds duly issued, the binding character of which was not questioned, counsel would not interpose a defense under the statute now in question, averring that the breach of duty or of obligation consisted in the non-payment of the money according to the tenor of the bond, and this arose from the failure of the officers or the common council to raise or appropriate the money, or the omission of their treasurer to perform his duty to pay it over.
There is abundant scope for the operation of the statute, according to its terms, without extending it to a liability not mentioned in it. In the discharge of the actual duties devolved upon the officers of a municipal corporation, they may be guilty of misfeasance and negligence to the injury of third persons, *276 and the question has more than once arisen whether the corporation is liable therefor.
Sometimes such officers have been deemed to be agents of the corporation, and the latter liable on the principle of respondeat superior. Oases of this kind may be within the design of the statu té, assuming, as before assumed, that the term “this act” refers to the charter.
For example, the corporation may assume the duty to construct a sewer within a street of the city. For that purpose the proper officer or agent is directed to perform the work; in the act of performance he does something or omits something which he ought not to have done or omitted, and which works an injury.
This statute would be satisfied by holding that the injured party must look to him, and not to the city, for compensation. Suppose, moreover, that by reason of the construction of the sewer, the street should be, or soon become, in a dangerous condition. The general duty to keep the streets in repair would still rest upon the city, and its legal obligations would not he satisfied until by some means those repairs were made.
In short, the statute may be held to apply to those cases in which the corporation is sought to he. charged for the misfeasance or nonfeasance of the officers as its agents. It by no means follows that there is not a clear liability of the corporation for a failure to perform a duty which rests upon it by law.
On this ground the judgment should he reversed.
M a sow, J., concurred with Woodetof, J., as to construction of.the act, hut thought, in addition, that, in terms, the section in question was limited to the act of 1862.
All the other judges concurred in the opinion of Daniels, J.
Judgment affirmed, with costs.